UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRENDA JOYCE HAYNES,

                            Plaintiff,
v.                                                              **DECISION AND ORDER**
                                                                    10-CV-355S
MIKE ACQUINO, WILLIAM REZABEK, JASON
WHITENIGHTS, BOHDAN PAPISZ, and JOHN
SULLIVAN,

                            Defendants.

## I. INTRODUCTION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action in April 2010 seeking compensatory damages and injunctive relief for various alleged violations of her constitutional rights. She subsequently filed an amended complaint and a motion for leave to file an additional supplemental complaint. Several claims were dismissed with prejudice following the Court's review of these documents pursuant to 28 U.S.C. § 1915(e)(2). (Docket Nos. 3, 6.) Plaintiff's first cause of action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 was permitted to proceed to service. She alleges therein that Defendants, Buffalo Police Officers Acquino, Rezabek, Whitenights, Papisz and Sullivan, violated her constitutional rights when they arrested her in February 2009 as part of a conspiracy to "intentionally fabricate and contrive the charges lodged against the [P]laintiff." Plaintiff further alleges that Defendants used excessive force to subdue her during this arrest. Defendants answered the amended complaint in April 2011.

Currently pending before this Court is Plaintiff's motion for summary judgment. The

motion is fully briefed and the Court finds oral argument unnecessary.

## II. DISCUSSION

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor, 609 F.3d at 545 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 248), *cert denied*, 540 U.S. 811 (2003). A court must also "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). Further, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.' " Triestman v. Federal Bur. of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)(emphasis in original) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)).

Plaintiff's submissions are insufficient to establish her entitlement to summary judgment on any claim. In her "Affidavit of Undisputed Facts," Plaintiff asserts that Defendants' answers to her interrogatories and "their testimonies given during [the related]

state court criminal proceedings" establish that "they were the persons who committed the acts complained of in the [P]laintiff's complaint." (Docket No. 35 at 6.) Plaintiff further states that "[t]he records in this matter establish through documented proof" that: (1) "[P]laintiff received serious physical and emotional injuries as a result of the defendants['] actions in this matter;" (2) "[D]efendants committed the acts complained of in this action, while acting under color of official authority;" and (3) [D]efendants acted without any legal right or any probable cause, and therefore resulted in the deprivation of the plaintiff's civil rights." (Docket No. 35 at 6.) She does not, however, describe the actual acts allegedly committed by each Defendant, and no further detail can be gleaned from her submitted exhibits.[1] Indeed, it is unclear from the record exactly what Plaintiff is asserting happened on the day of her arrest, or if Plaintiff is also asserting Defendants' liability for acts prior or subsequent to her actual arrest.

No transcripts of any testimony from Defendants appears in the record. Further, although the interrogatory responses reflect that the five named Defendants "participated in the arrest and detention of [P]laintiff on February 3rd, 2009," each Defendant denied any wrongdoing. (See Docket No. 30.) Thus, absent testimony from Plaintiff or other relevant evidence, there is no basis to establish the individual involvement of each Defendant. " 'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.' " Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010)(quoting Farrell v. Burke, 449 F.3d 470, 484 (2d

---

[1] In addition to Plaintiff's failure to include specific factual allegations in her motion papers, this Court has also reviewed the discovery materials on the docket, including those in Plaintiff's manual filing, to the extent that Plaintiff attempts to incorporate them by reference. No further clarity is provided.

Cir. 2006)).  The Court is also unable to appropriately consider, for example, the facts and circumstances of Plaintiff's excessive force claim as required, " 'including the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether [s]he [was] actively resisting arrest or attempting to evade arrest by flight.' "  Phelan v. Sullivan, – F. App'x –, 2013 WL 5183664, *2 (2d Cir. 2013) (quoting Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)).

It is also unclear on what evidence Plaintiff is relying to establish that Defendants had a "tacit understanding to carry out the prohibited conduct" as necessary to establish a conspiracy pursuant to § 1985(3).[2]  Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). "[C]onclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights" are insufficient. Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999).  Finally, liability under § 1986 for the failure to intervene with respect to such a conspiracy is dependent on the validity of a claim under § 1985.  Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993).

### III. CONCLUSION

Plaintiff failed to submit sufficient evidence to establish her entitlement to summary judgment as a matter of law.  Her motion is therefore denied in its entirety.

---

[2]This section provides:
If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . .; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

## IV.  ORDERS

IT HEREBY IS ORDERED that Plaintiff's motion for summary judgment (Docket No. 35) is DENIED.

SO ORDERED.

Dated:   January 19, 2014
         Buffalo, New York

                                          <u>/s/William M. Skretny</u>
                                          WILLIAM M. SKRETNY
                                                Chief Judge
                                          United States District Court