UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| BRENDA JOYCE HAYNES,<br>                     Plaintiff,<br>     v.<br><br>MIKE ACQUINO,<br>WILLIAM REZABEK,<br>JASON WHITENIGHT,<br>BOHDAN PAPISZ,<br>JOHN SULLIVAN,<br>                     Defendants. | **DECISION**<br>**and**<br>**ORDER**<br><br>**10-CV-355F**<br>(Consent) |

_____

APPEARANCES:        LOTEMPIO & BROWN
                           Attorneys for Plaintiff
                           FRANK L. LOTEMPIO, III, of Counsel
                           181 Franklin Street
                           Buffalo, New York 14202

                           TIMOTHY A. BALL
                           CORPORATION COUNSEL, CITY OF BUFFALO
                           Attorney for Defendants
                           ROBERT E. QUINN, of Counsel
                           65 Niagara Square
                           Buffalo, New York 14202

In this § 1983 action alleging claims of false arrest and excessive force in violation of Plaintiff's Fourth Amendment rights, at a final pretrial conference, conducted September 15, 2015, Plaintiff represented that she intended to offer into evidence a prior decision of a Buffalo City Court Judge suppressing evidence in a criminal prosecution against Plaintiff based on Plaintiff's warrantless arrest at issue in this case ("the City Court's Decision"), as a result of which the charges for which Defendants arrested Plaintiff were dismissed. Specifically, Plaintiff contends that such ruling, concluding that Plaintiff's arrest was without probable cause, should be given collateral estoppel effect on Plaintiff's false arrest claim thus requiring the court direct a verdict in

1

favor of Plaintiff on the issue of whether Defendants arrested Plaintiff without probable cause as an element of Plaintiff's case. Alternatively, Plaintiff states she should be permitted to offer the City Court's Decision into evidence as relevant to the probable cause issue as part of her case-in-chief. Defendants oppose this proffer as not relevant or that preclusion is required under Fed.R.Evid. 403 (probative value of evidence outweighed by prejudicial effect) ("Rule 403").

It is settled in this Circuit that where a New York court suppresses evidence based on its finding that the arresting officer lacked probable cause to arrest on accused which results in a dismissal of the underlying criminal charges, pursuant to New York law, the New York court's finding that the arrest was without probable cause is not entitled to preclusive effect in a subsequent civil rights action brought by the plaintiff under the collateral estoppel doctrine because the arresting officers, now defendants in the ensuing § 1983 action in federal court, did not have a full and fair opportunity to litigate the threshold probable cause issue in the prior criminal case. *See Jenkins v. City of New York*, 478 F.3d 76, 85-86 (2d Cir. 2007). This holding results from the fact the arresting officers were witnesses but not parties to the prosecution of the underlying criminal case and the police are not sufficiently in privity with the District Attorney who prosecuted the criminal case to provide a basis for application of collateral estoppel on the probable cause issue. *Id.* (citing *D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 564 N.E.2d 634, 637 (N.Y. 1990); *Brown v. City of New York*, 458 N.E.2d 1250, 1251 (N.Y. 1983)). Thus, in this case, where Defendant police officers are accused in a § 1983 action of violating the plaintiff's Fourth Amendment rights, Plaintiff may not rely upon the City Court Decision's determination in the underlying criminal

prosecution of Plaintiff that Defendants' arrest of Plaintiff was without probable cause based on the doctrine of collateral estoppel.  See *Jenkins,* 478 F.3d at 85-86.

Plaintiff's proffer of the City Court's Decision for consideration by the jury as evidence on the probable cause issue fares no better.  Fed.R.Evid. 401 states that only relevant evidence is admissible and as the City Court's Decision has no collateral estoppel effect in this case, it is irrelevant and therefore inadmissible.  Additionally, the City Court's Decision represents a judicial determination as a matter of law and thus does not constitute evidence of the fact of probable cause or the lack thereof, one within the exclusive province of the jury in this lawsuit.  To admit the decision into evidence would most certainly have a profound effect upon the jury favorable to Plaintiff, thus permitting Plaintiff to achieve through the 'back-door' what Plaintiff cannot do under the anti-collateral estoppel rule established in *Jenkins, supra*.  Alternatively, even if relevant, the court finds the prejudicial effect to Defendants of admitting such judicial finding outweighs its potential probative value requiring preclusion under Fed.R.Evid. 403.

## CONCLUSION

Based on the foregoing, Defendants' in limine motion to exclude the use or admission into evidence of the City Court's Decision to establish that Plaintiff's arrest lacked probable cause is GRANTED.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: September 16, 2015
       Buffalo, New York