UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRENDA JOYCE HAYNES,

                       Plaintiff,

          v.

MIKE ACQUINO, WILLIAM RESABEK,
JASON WHITENIGHT, BOHDAN PAPISZ, and
JOHN SULLIVAN,

                       Defendants.
_____

**DECISION
and
ORDER**

**10-CV-355F**

(Consent)

APPEARANCES:      BRENDA JOYCE HAYNES, *Pro Se*
                     11 Northumberland Avenue
                     Buffalo, New York  14215

                     TIMOTHY A. BALL
                     CORPORATION COUNSEL, CITY OF BUFFALO
                     Attorney for Defendants
                     ROBERT E. QUINN, of Counsel
                     65 Niagara Square
                     Buffalo, New York  14202

      On June 10, 2016, following a four-day jury trial on Plaintiff Brenda Joyce

Haynes's civil rights claims for false arrest, excessive force and malicious prosecution,

the jury returned a verdict in favor of all Defendants, Mike Acquino, William Rezabek,

Jason Whitenight, Bohdan Papisz, and John Sullivan. After the close of evidence,

Defendants made an oral motion to dismiss as a matter of law because Defendants are

entitled to qualified immunity on all three of Plaintiff's claims.  Defendants' oral motion

was consistent with the request in their final pretrial papers that the jury be charged on

qualified immunity, (Dkt. 83 at 4), and Defendants' proposed jury instructions included

an instruction on qualified immunity.[1]  (Dkt. 83-2 at 31).

_____

[1] Defendants never moved for summary judgment based on either qualified immunity or any other ground.

Recognizing there is a high likelihood of confusion when the jury is given instructions on a substantive claim, here, false arrest, excessive force, and malicious prosecution, and then instructed to consider qualified immunity, and that the prospect of finding in favor of the defendants on qualified immunity may present to the jury an attractive option where liability on the substantive claims is close, the undersigned reserved decision on the issue of qualified immunity and, instead, presented the jury with special interrogatories regarding several disputed material issues of fact which, upon resolution by the jury, would permit the undersigned to decide the qualified immunity issue as a matter of law.  This approach is in accord with the Second Circuit's preference that where disputed issues of fact preclude qualified immunity being decided by the court as a matter of law, the jury should be charged on the substantive claim, but not on qualified immunity, and special interrogatories may be presented for resolution by the jury of disputed material issues of fact, on which the court may then rely in ruling on qualified immunity.  *See Stephenson v. Doe*, 332 F.3d 68, 80-81 (2d Cir. 2003).  Accordingly, notwithstanding the jury verdict in favor of Defendants, the undersigned now addresses Defendants' oral motion that they are qualifiedly immune from liability on all Plaintiff's claims against them, relying on the factual findings made by the jurors on the Special Interrogatories.

"The defense of qualified immunity 'shields law enforcement officers from § 1983 claims for money damages provided that their conduct does not violate clearly establishes constitutional rights of which a reasonable person would have been aware.'" *Figueroa v. Mazza*, __ F.3d __, 2016 WL 3126772, at * 6 (2d Cir. June 3, 2016) (quoting *Zalaski v. City of Hartford*, 723 F.3d 382, 388 (2d Cir. 2013)).  The qualified

immunity doctrine "aims to give officials room to act with confidence in gray areas by absolving from personal liability 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Mullenix v. Luna*, __ U.S. __, 136 S.Ct. 305, 308 (2015)).

In the context of § 1983 actions predicated on false arrest, "an arresting officer is entitled to qualified immunity so long as 'arguable probable cause' was present when the arrest was made." *Figueroa*, 2016 WL 3126772, at * 6 (quoting *Zalaski*, 723 F.3d at 390). "A police officer has arguable probable cause 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" *Id.* "'The fact that an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause.'" *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985)). Further, "an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." *Id.* at 395-96. Applying this standard establishes Defendants are entitled to qualified immunity on the false arrest claim because, the answers to the Special Interrogatories establish that a reasonable police officer could have determined that Plaintiff was engaging in some unlawful conduct.

In particular, in response to the relevant Special Interrogatories, Court Exh. B, the jury found that on February 3, 2009, Defendants Acquino and Rezabek saw Plaintiff walking in the street shouting obscenities, with members of the public in the area and close enough to observe Plaintiff and to hear the obscenities. Special Interrogatories 1, 2 and 3. Based on these observations, as found by the jury, Defendants Acquino and Rezabek reasonably could have determined Plaintiff was engaging in disorderly conduct

in violation of N.Y. Penal Law § 240.20(3), which is defined as intentionally causing and

recklessly creating a public inconvenience, annoyance, and alarm by using obscene

language.  In response to other Special Interrogatories, the jury found that Defendants

Acquino and Rezabek also observed Plaintiff in possession of narcotics, crack cocaine,

and narcotics paraphernalia, a crack pipe.  Special Interrogatories 4 and 5.  These

observations, also found by the jury, support a determination by Defendants Acquino

and Rezabek that Plaintiff was in possession of narcotics and narcotics paraphernalia in

violation of N.Y. Penal Law § 220.03, by knowingly and unlawfully possessing a

controlled substance and a crack pipe.  Significantly, under the collective or imputed

knowledge doctrine, all five Defendants collectively "knew" when Plaintiff was arrested

that Plaintiff had engaged in disorderly conduct and was in possession of controlled

substances, and all five Defendants "would have had reasonable cause to believe, at

least to the standard of qualified immunity," that Plaintiff had committed the crimes of

disorderly conduct and criminal possession of a controlled substance.  *Giannullo v. City

of New York*, 322 F.3d 139, 142 (2d Cir. 2003) (citing *Lee v. Sandberg*, 136 F.3d 94,

101 (2d Cir. 1997)).  *See also Panetta*, 460 F.3d at 395 ("When making a probable

cause determination, police officers are entitled to rely on the allegations of fellow police

officers.").  Accordingly, Defendants are entitled to qualified immunity on the issue of

probable cause to arrest Plaintiff for disorderly conduct and two counts of criminal

possession of controlled substances in the seventh degree.  Further, because the

existence of probable cause is a complete defense to Plaintiff's § 1983 false arrest and

malicious prosecution claims, s*ee Manganiello v. City of New York*, 612 F.3d 149, 161-

62 (2d Cir. 2010) (probable cause is complete defense to malicious prosecution claim in

4

violation of New York common law and § 1983); *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006) ("Under New York law, the existence of probable cause is an absolute defense to a false arrest claim."); (*Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (probable cause is complete defense to false arrest in violation of civil rights claim), Defendants' motion to dismiss based on qualified immunity is GRANTED as to Plaintiff's false arrest and malicious prosecution claims which are DISMISSED on this ground.

With respect to Plaintiff's § 1983 excessive force claim, "[d]etermining whether the force used during an arrest is 'reasonable' requires balancing the 'nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Lennon v. Miller*, 66 F.3d 416, 425 (2d Cir. 1995) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "This standard evaluates the reasonableness of the force used by considering the totality of the circumstances faced by the officer on the scene." *Id.* "[T]he question for purposes of qualified immunity is 'whether a reasonable officer could have believed that the use of force alleged was objectively reasonable in light of the circumstances.'" *Id.* (quoting *Rowland v. Perry*, 41 F.3d 167, 173 (4th Cir. 1994)). In the instant case, the answers to the Special Interrogatories establish that Defendants are entitled to qualified immunity on Plaintiff's excessive force claim because "no rational jury could have found that the force used was so excessive that no reasonable officer would have made the same choice." *Id.* at 426.

Specifically, in response to the relevant Special Interrogatories, the jury found that Plaintiff resisted Defendant Acquino's attempt to subdue her, Special Interrogatory

7, that Defendants Acquino and Rezabek did not unreasonably apply the handcuffs to Plaintiff so as to cause Plaintiff undue pain, Special Interrogatory 8, that it was reasonably necessary for Defendants Papisz and Sullivan to place Plaintiff on the pavement to apply the handcuffs, Special Interrogatory 9, and that no Defendant beat Plaintiff with his fists, a flashlight, or a baton with any gross indifference to possibly causing injury to any part of Plaintiff's body, including her arms, legs, and knees, Special Interrogatory 10.  The jury's responses to these Special Interrogatories is consistent with Defendants' testimony that because Plaintiff was resisting arrest, Defendants had no choice but to apply some force to effectuate Plaintiff's arrest and preserve evidence of Plaintiff's crack cocaine possession, and that the amount of force applied was no more than the circumstances warranted.  Under these circumstances, no rational jury could find that Defendants' admitted use of force was so excessive that no reasonable officer would have made the same choice.  *Lennon*, 66 F.3d at 426. Defendants' motion for to dismiss based on qualified immunity therefore is GRANTED as to Plaintiff's excessive force claim which is DISMISSED as such.

Accordingly, Defendants are qualifiedly immune from liability on all of Plaintiff's claims.  Alternatively, the jury verdict exonerating all Defendants from liability on all three of Plaintiff's claims stands.  *See Song v. Ives Laboratories, Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992) (reversing district court's judgment notwithstanding the verdict overturning jury determination that plaintiff's termination by his former employer constituted unlawful employment discrimination and affirming district court's alternative holding ordering a new trial).[2]

---

[2] Defendants have failed to raise the defense that they are absolutely immune from liability on the malicious prosecution claim insofar as such claim is based solely on their trial testimony.  *See Briscoe v.*

## CONCLUSION

Based on the following, Defendants' motion seeking the dismissal of all Plaintiff's claims on qualified immunity is GRANTED; alternatively, the jury's verdict finding all Defendants' not guilty on all of Plaintiff's claims is AFFIRMED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    June 14, 2016
             Buffalo, New York

---

*LaHue*, 460 U.S. 325, 335-36 (1983) (extending to police officers testifying as witnesses at trials absolute immunity with respect to any claim based on witness testimony for which the possibility of prosecution for perjury was a sufficient deterrent to false testimony); *Rehberg v. Paulk*, __ U.S. __, 132 S.Ct. 1497, 1505-06 (2012) (extending *Briscoe* to witnesses who testify before a grand jury); and *Jovanovic v. City of New York*, 486 Fed.Appx. 149, 152-53 (2d Cir. 2012) (holding police detective entitled to absolute immunity for testimony given in § 1983 plaintiff's criminal trial). Rather, the first element of a malicious prosecution claim – the initiation of a criminal prosecution against the plaintiff – is established only by signing a criminal complaint or completing complaining and corroborating affidavits, *Mitchell v. Victoria Home*, 434 F.Supp.2d 219, 227 (S.D.N.Y. 2006) (citing *Llerando-Phipps v. City of New York*, 390 F.Supp.2d 372, 383 (S.D.N.Y. 2005) ("In malicious prosecution cases against police officers, plaintiffs have met this first element by showing that officers brought formal charges and had the person arraigned, or filled out complaining and corroborating affidavits, or swore to and signed a felony complaint." (citing cases))), or by fabricating information likely to influence a jury's decision and forwarding such information to the prosecutors to induce the commencement of a criminal prosecution against the plaintiff. *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 130 (2d Cir. 1997) (determining jury could find police officer "played a role in initiating the prosecution by preparing the alleged false confession and forwarding it to prosecutors."). Significantly, no evidence was presented at trial that Defendants Rezabek, Whitenight, or Papisz, who testified at Plaintiff's criminal trial, prepared declarations in support of the commencement of the criminal proceedings against Plaintiff. Nor was any evidence presented that such Defendants cajoled, encouraged, or importuned the District Attorney to pursue the charges. *See Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) ("While police officers do not generally 'commence or continue criminal proceedings against defendants, a claim for malicious prosecution can still be maintained against a police officer if the officer is found to 'play[ ] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" (quoting *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010))). Nevertheless, by failing to raise absolute immunity, either in their answer or in support of their oral motion to dismiss, Defendants have waived such defense. *See Beechwood Resorative Care Center v. Leeds*, 436 F.3d 147, 154 n. 3 (2d Cir. 2006) (considering absolute immunity defense raised in passing only in a footnote to have been waived (citing *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993))). Accordingly, in the absence of any assertion by Defendants, Plaintiff's malicious prosecution claim is not dismissed on the ground of absolute immunity as against Defendants Rezabek, Whitenight, and Papisz based on their trial testimony against Plaintiff in Buffalo City Court.