UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRENDA JOYCE HAYNES,

                        Plaintiff,

                        v.

MIKE ACQUINO, WILLIAM RESABEK,
JASON WHITENIGHT, BOHDAN PAPISZ, and
JOHN SULLIVAN,

                        Defendants.

DECISION
and
ORDER

10-CV-355(F)

(consent)

_____

APPEARANCES:    BRENDA JOYCE HAYNES, *Pro Se*
                       11 Northumberland Avenue
                       Buffalo, New York 14215

                       TIMOTHY A. BALL
                       CORPORATION COUNSEL, CITY OF BUFFALO
                       Attorney for Defendants
                       ROBERT E. QUINN, of Counsel
                       65 Niagara Square
                       Buffalo, New York 14202

In this civil rights action, commenced April 29, 2010, Plaintiff alleges false arrest, excessive force and malicious prosecution against Defendants, police officers with the City of Buffalo Police Department. Prior to trial, the undersigned granted Defendants' motion *in limine* seeking to preclude from evidence an Order by Buffalo City Court Judge Joseph A. Fiorella ("City Court Order"), finding a lack of probable cause for Plaintiff's arrest on the underlying criminal charges, which order Plaintiff had maintained should be given collateral estoppel effect despite the order subsequently being reversed on appeal. (Dkt. 77). Following a four-day jury trial, on June 10, 2016, the jury returned a verdict in favor of all Defendants and, based on Special Interrogatories completed by the jury, the undersigned, by Decision and Order filed June 14, 2016, found Defendants

were entitled to qualified immunity on all claims, and dismissed the claims on that ground. Judgment in favor of all Defendants was entered on June 28, 2016 (Dkt. 102).

Plaintiff filed an appeal to the Second Circuit Court of Appeals. In a Summary Order filed August 24, 2017, the Second Circuit found the undersigned's determination that the City Court Order was not entitled to preclusive effect was correct, yet found legal error insofar as the City Court Order was precluded under Fed.R.Evid. 403, and vacated and remanded the matter to this court. By Order entered September 25, 2017 (Dkt. 115), a new trial was scheduled for January 16, 2018. On November 29, 2017, Plaintiff filed a petition for a writ of certiorari with the United States Supreme Court.

On December 6, 2017, Plaintiff filed a motion for summary judgment (Dkt. 116), which the undersigned denied on December 11, 2017 (Dkt. 117). On December 20, 2017, Plaintiff filed an interlocutory appeal (Dkt. 119), challenging the denial of summary judgment, but did not seek to stay proceedings pending resolution of her interlocutory appeal.

On January 9, 2018, Defendants filed a motion *in limine* (Dkt. 123), again seeking an order precluding the City Court Judgment from evidence on retrial, requesting the undersigned reconsider the City Court Decision in accordance with the Second Circuit's determination, and, assuming the court would, upon reconsideration, adhere to the preclusion, reinstate the June 28, 2016 judgement finding Defendants qualifiedly immune from liability on all of Plaintiff's claims, and dismissing the claims. By motion filed January 9, 2018 (Dkt. 125), Plaintiff moves to stay the court's decision on Defendants' motion *in limine*. On January 23, 2018, Defendants filed the Declaration of Assistant Corporation Counsel Robert E. Quinn (Dkt. 127), opposing the motion to stay,

but deferring to the undersigned's discretion as to whether to grant the motion. In a Declaration filed January 29, 2018 (Dkt. 129), Plaintiff replies in further support of the motion to stay, observing that Defendants' opposition to the stay is not supported by any legal argument.

It is within the District Court's discretion whether to stay proceedings, including trial, pending resolution of matters pending on appeal. *See McKenna v. Incorporated Village of Northport*, 331 Fed.Appx. 804, 805-06 (2d Cir. May 29, 2009) (finding no abuse of discretion by district court in denying application to stay civil rights trial pending plaintiff's appeal of underlying criminal convictions (citing *United States v. Beverly*, 5 F.3d 633, 641 (2d Cir. 1993) ("A district court's decision regarding the timetable for trial will not be reversed absent an abuse of discretion."))). Here, given Plaintiff's interlocutory appeal of the court's denial of her summary judgment motion remains pending before the Second Circuit, and Plaintiff's petition for a writ of certiorari remains pending before the Supreme Court, the undersigned, in his discretion, finds the court's decision on Defendants' motion could be affected by the decision of the Supreme Court or the Second Circuit and that, accordingly, Plaintiff's motion seeking a stay should be GRANTED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion for a stay (Dkt. 125) is GRANTED.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   February 1, 2018
         Buffalo, New York